In this case plaintiff Tina Riddlesprigger appeals from the trial court's sua sponte involuntary dismissal at trial of her action against defendant Monty Ervin for want of prosecution. We reverse.
The complaint was filed on November 2, 1984, and sought recovery of compensatory and punitive damages for malicious prosecution. On January 18, 1985, the defendant filed a motion to dismiss, which was denied, and she filed an answer to the complaint on August 21, 1985. On March 2, 1987, the trial court dismissed the action, with this order: "This case has been pending in this Court for at least six months without action, and is hereby dismissed without prejudice for want of prosecution. Clerk to notify." It should be noted, however, that the practical effect here is a dismissal with prejudice, because, prior to the dismissal, the statute of limitations on Riddlesprigger's cause of action had expired. The plaintiff then moved the court to vacate its order and to set the cause for trial. Following a hearing, this motion was denied. The plaintiff subsequently moved the trial court to reconsider its ruling and also filed a motion to supplement the record pursuant to Rule 10(f), A.R.App.P. The motion to reconsider was denied and the motion to supplement was granted. The sole error asserted on appeal is that the trial court erred when it dismissed the plaintiff's claim for want of prosecution.
Dismissal of actions is governed by Rule 41, A.R.Civ.P. Rule 41(b) provides, in pertinent part:
 "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action or of any claim against him . . . [and] unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."
Rule 41(b) has been construed to mean that a trial court has the inherent power to dismiss a cause for want of prosecution or for failure to comply with court rules or orders.Ryder Int'l Corp. v. State, 439 So.2d 162 (Ala.Civ.App. 1983). Accord, Link v. Wabash R.R., 370 U.S. 626,82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. Whitehead v. Baranco Color Labs, Inc.,355 So.2d 376 (Ala.Civ.App. 1978). It need only be determined, upon appellate review of a trial court's action under Rule 41(b), whether the ruling is supported by the evidence. Strickland v.National Gypsum Co., 348 So.2d 497 (Ala.Civ.App. 1977);Nettles v. First Nat'l Bank, 388 So.2d 916 (Ala. 1980).
Riddlesprigger, in her supporting brief, argues that the trial court's dismissal "under these circumstances is manifestly unjust, plainly and palpably erroneous and is an abuse of discretion." Upon review of the record, we agree.
As this Court has heretofore observed:
 "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d [659] at 661 [Ala. 1978]. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976); Pond v. Braniff Airways, 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). 'Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct." *Page 488 
Selby v. Money, 403 So.2d 218, 220 (Ala. 1981). We acknowledge that "in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits." Id., at 220. At no time during these proceedings, however, was the burden on the plaintiff to take affirmative action which she failed to do. The supplemented record reveals that at the hearing on Riddlesprigger's motion to vacate copies of letters were produced that indicated that the parties had been attempting to negotiate a settlement. At no point was a motion to dismiss for want of prosecution filed by the defendant. Moreover, there is nothing to indicate that the trial court called a pre-trial conference or set the cause for trial on the court calendar. In short, there is simply no evidence before us of any conduct on the part of Riddlesprigger that can be said to be dilatory, contumacious, or conclusively indicative of an intention to no longer prosecute this suit. The mere fact that a case has been pending on the docket for six months, without other factors, does not authorize a trial court to dismiss the action for want of prosecution. As pointed out by Justice Adams, concurring specially in Selby, supra, "[the] dismissal of a lawsuit for want of prosecution is a drastic sanction." 403 So.2d at 221. Because the evidence here presented, in the context of the facts and circumstances of this particular case, does not support a finding of purposeful delay, willful default, or some other contumacious conduct on the part of plaintiff Tina Riddlesprigger, so as to overcome the interest in disposing of the litigation on the merits, it was an abuse of discretion for the learned and able trial judge to dismiss her cause for want of prosecution.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.