This is an appeal from the trial court's sua sponte dismissal of the lawsuit for the plaintiff's failure to prosecute. We reverse the judgment of dismissal and remand the cause for reinstatement of the plaintiff's claim.
A chronological summary of the events leading up to the judgment of dismissal will be helpful to an understanding of this appeal:
6-17-87 Plaintiff E.R. Atkins, administrator of the estate of Ruth A. Davis Shirley, sued Defendant Murphy Shirley, former husband of the deceased, for misappropriation of estate assets (CV-87-108). Atkins alleged, among other things, that Shirley had converted an automobile; had sold 11 head of cattle; had obtained the money in two checking accounts; and had obtained a certificate of deposit, all of which belonged to the deceased.
7-21-87 Defendant Shirley filed an answer to the complaint and filed a counterclaim in which he argued that Atkins had interfered with Shirley's possessory rights in the homeplace; that Atkins had converted personalty rightfully belonging to Shirley; that the estate owed Shirley money in repayment for the expenses of the decedent's last illness and death; and that Shirley had a homestead right in the property.
7-31-87 Atkins filed a motion to dismiss or to strike portions of Shirley's counterclaim, alleging that jurisdiction of those portions had "attached" in the probate court where the decedent's will had been filed for administration. Atkins also filed an answer to the counterclaim, interrogatories to Shirley, and a request for production of documents.
8-31-87 Shirley filed an amendment to the counterclaim, an amended answer, interrogatories to Atkins, and a request for production. On this same date, Shirley filed a motion for a general continuance in this case (CV-87-108). Shirley stated that another case pending in the same court (CV-87-5897) (a complaint for declaratory relief and construction of the decedent's will), when decided, would moot several of the issues in case CV-87-108.
4-12-88 The trial court granted Shirley's motion and ordered that the case be "continued generally, to be reset upon motion of any party, or by this court upon final disposition of [Case Number] 87-5897."
3-14-89 The trial court entered an order of continuance in CV-87-108 on the joint motion of the parties, and ordered that the case be "continued generally, to be reset upon motion of any party, or by this court upon final disposition of [Case Number] 87-5897."
3-20-89 Atkins filed a motion to dismiss or to strike portions of Shirley's counterclaim.
4-12-89 Atkins's lawyer wrote the following letter to the trial judge in CV-87-108:
 "Enclosed please find a copy of an Order of Continuance in the above case, which you signed on March 14, 1989. As of this date, the equity case has not been disposed of and therefore *Page 1077 
the law case is not ready for pretrial at this time. I assume that my presence will not be required at the call of your docket on April 19, 1989.
 "I have this date filed a motion to set the equity case for trial and would assume that we will be able to dispose of that case in the near future and then reach the law case.
"Thank you for your cooperation."
4-19-89 The trial court entered an order of dismissal and stated: "This cause coming on to be heard on the Pretrial Docket set for this day, and the plaintiff being called, but answered not, it is the Order and Judgment of the court that the same be, and it is hereby, dismissed for want of prosecution."
5-2-89 Atkins filed a motion for new trial, which motion was denied by operation of law at the expiration of 90 days. (See A.R.Civ.P. 59.1.)
8-2-89 Notice of appeal to this Court.
Rule 41(b), A.R.Civ.P., provides that an action may be dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." The rule also states that unless the trial court's order of dismissal specifies otherwise, that order "operates as an adjudication upon the merits." Our cases interpreting Rule 41(b), consistent with the language of that subsection, have held that the trial court "has the inherent power to act sua sponte to dismiss an action for want of prosecution" (Riddlesprigger v. Ervin,519 So.2d 486 (Ala. 1987); and Smith v. Wilcox County Board ofEducation, 365 So.2d 659, 661 (Ala. 1978)), and that a Rule 41(b) dismissal is a final judgment that will support an appeal to this Court. Freeman v. Freeman, 282 Ala. 330, 211 So.2d 464
(1968). However, when, as here, the appeal presents only the alleged error of the trial court's dismissing the action for failure to prosecute, that issue alone is before this Court for review and disposition. Id.
 "Such a [Rule 41(b)] dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. Whitehead v. Baranco Color Labs, Inc., 355 So.2d 376 (Ala.Civ.App. 1978). It need only be determined, upon appellate review of a trial court's action under Rule 41(b), whether the ruling is supported by the evidence. Strickland v. National Gypsum Co., 348 So.2d 497 (Ala.Civ.App. 1977); Nettles v. First Nat'l Bank, 388 So.2d 916
(Ala. 1980)."
Riddlesprigger, supra, 519 So.2d at 487.
Turning to the resolution of the instant case, we first point out that this Court has consistently held that a dismissal of a plaintiff's case "for any reason is a severe sanction which should be resorted to only in appropriate circumstances. Where lesser sanctions are available they should be tried."Marcoal, Inc. v. United Mine Workers of America, 292 Ala. 567,569, 298 So.2d 6, 8 (1974).
 "Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits. [Citations omitted.]
 "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d at 661. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976); Pond v. Braniff Airways, 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). 'Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct."
Selby v. Money, 403 So.2d 218, 220-21 (Ala. 1981).
In Selby, supra, the parties had caused numerous delays in the discovery and in the setting of a trial date. Despite a final *Page 1078 
warning from the trial court that no further delays would be tolerated, the plaintiffs, on the date set for trial, refused to proceed without the live testimony of their expert witness, even though the deposition testimony of that witness was available for admission into the record. The Selby Court upheld the trial court's dismissal of the plaintiffs' action on the motion of the defendants, citing the willful failure of the plaintiffs to continue with the trial.
In the more recent case of Cassady v. Montgomery County Boardof Education, 496 So.2d 764 (Ala. 1986), we found that the trial court was correct in dismissing the plaintiff's case suasponte because the plaintiff "sought and attained a series of continuances over a period of 20 months, failed to appear at two scheduled pre-trial conferences, and failed to appear on the date the case was set for trial."
In contrast, in Smith v. Wilcox County Board of Education,supra, we found that "although there appeared to be a long period of inactivity from 1966 to 1973, nevertheless within the eleven months before the dismissal the defendants filed interrogatories, the parties reconstructed the record, and the plaintiff's attorney had tried to have a hearing set on the case." 365 So.2d at 661. Under those circumstances, we held that the trial court's dismissal of the plaintiff's case was error.
Likewise, in Riddlesprigger, supra, we found that the plaintiff had not failed to take affirmative action when the burden was upon her to do so; that the defendant had not filed a motion to dismiss for failure to prosecute; that the trial court had not called a pre-trial conference or set the case for trial; and that there was no evidence of "purposeful delay, willful default, or some other contumacious conduct" on the part of the plaintiff. In that case we held that the trial court had abused its discretion in dismissing the plaintiff's action for failure to prosecute.
In the record before us in the instant case, we find no evidence to support the trial court's sua sponte dismissal of Atkins's lawsuit against Shirley. Rather, the record shows the timely filing of pleadings (including the defendant's answers to interrogatories), early notice to the trial court of the related case pending in the same court, the trial court's willingness to continue the case because of the pending related case, the parties' continued activity despite the absence of a trial date, and the plaintiff's lawyer's concern that the trial court be advised that a pre-trial conference would not yet be necessary. We conclude that, in light of the history of affirmative action on the part of the plaintiff and the defendant in keeping this lawsuit active, the trial court's dismissal of this action was an abuse of its discretion. Therefore, the trial court's judgment of dismissal, pursuant to Rule 41(b), A.R.Civ.P., is clearly erroneous and is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.