The plaintiff, Deborah Nash, appeals from the trial court's dismissal of a lawsuit for lack of prosecution. We reverse the judgment and remand the cause for reinstatement of Nash's lawsuit.
Nash sued Dr. Joseph Cosby and Dr. Wilhelm Tietke, alleging medical malpractice. A jury returned a verdict in favor of the defendants, and this Court, in Nash v. Cosby, 574 So.2d 700
(Ala. 1990), reversed the judgment entered pursuant to the jury verdict and remanded the cause.
The case was set for trial on June 24, 1991. On June 17, 1991, Stephanie Christian, secretary to Robert H. Ford, Nash's lead counsel, wrote a letter to the trial court apprising it of the fact that Ford was involved in a trial of another suit, which could continue into the week of June 24. On Friday, June 21, at 4:42 p.m., Nash filed a motion to continue the case until later in the week of trial and until the jury had returned a verdict in Garner v. Collins, in Jackson County, Alabama. On Monday, June 24, 1991, at approximately 9:02 a.m., the trial court called the case for trial; Jerrilee Sutherlin, Nash's assistant counsel, then argued the motion to continue:
 "[MS. SUTHERLIN:] Ms. Nash has hired Robert Ford to represent her in this case. I have been an assistant counsel to him throughout the case, and I have made some appearances, and also made some appearances at some depositions.
 "It has not ever been our intention that anybody other than Mr. Ford would try this case, nor has it ever been Ms. Nash's intention that such would occur. *Page 210 
 "Mr. Ford is, as you know, a person who has got a good bit of experience in medical malpractice throughout this community, and he is certified by the National Board of Trial Advocacy.
 "I have not ever tried a medical malpractice case.
 "I'm not sure exactly what the Court's intentions are with regard to that order, and that's the reason I'm stating all of this.
 "I have fairly limited experience in terms of jury trials at all.
 "Mr. Ford believes that he should remain with his clients in Garner v. Collins until that case is returned because the jury may come back and have questions and he is already over there in that case, the only one that the jury recognizes representing the Garners; and, therefore, he believes he owes it to the Garners to remain there until such time as that case has been returned.
"THE COURT: Mr. Davis, do you want to be heard?
 "MR. DAVIS: Your Honor, in behalf of Dr. Cosby, we are here and we are ready to proceed in keeping with the Judge's instructions.
 "Pat Lamar is supposed to be here for Dr. Tietke. If we need to, Dr. Tietke will be represented by Pat.
 "THE COURT: At what stage are the proceedings in Garner v. Collins in Jackson County? What is going on over there?
 "MS. SUTHERLIN: They are doing closing arguments this morning.
 "He anticipated when I talked with him — of course, he doesn't know — but he anticipates that it will take the morning to do closing and instructions. Then the jury should be out, and he does not believe that the jury would be likely to come back in this case in a half day of deliberations. It took a week to try.
 "THE COURT: So the only thing that was left to do in the case this morning was closing arguments and instruction by the Court, is that right, this morning?
"MS. SUTHERLIN: Yes.
"THE COURT: Were they to start at 9 o'clock?
"MS. SUTHERLIN: As far as I know.
 "THE COURT: All right. I don't see any reason why we can't begin with this case at 1:30 this afternoon, and I'm going to deny the motion to continue, especially in view of the fact that it has been requested that I continue this case until a jury returns a verdict in that case.
 "We'll begin this case. I'll have a jury list ready at 1:30 this afternoon. That should give both Mr. Rodgers and Mr. Ford plenty of time to be back over here and begin striking a jury at that time.
 "MS. SUTHERLIN: Your Honor, may I for the record then state to the Court that I discussed this with [Mr. Ford] this morning, and he told me that he would not leave the jury in Garner v. Collins and return to this Court to try this case in the middle of the jury deliberations in Garner v. Collins, and that it is his case, and that I am instructed not to try the case. So that is basically our position at this time.
 "THE COURT: So the plaintiff does not intend to go forward in this case; is that correct?
"MS. SUTHERLIN: Not at 1:30 this afternoon, no.
"THE COURT: All right. Case dismissed."
On June 28, 1991, the trial court entered a written judgment dismissing the case for lack of prosecution. The trial court denied Nash's order to vacate the judgment, and Nash appeals.
While dismissal of an action under Rule 41(b), A.R.Civ.P., is within the trial court's discretion and will not be reversed on appeal in the absence of an abuse of that discretion, in reviewing the trial court's dismissal of an action this Court must determine whether the ruling is supported by the evidence.Atkins v. Shirley, 561 So.2d 1075 (Ala. 1990), andRiddlesprigger v. Ervin, 519 So.2d 486 (Ala. 1987).
Based on the facts of this case, this Court concludes that the dismissal of this action for lack of prosecution was an abuse *Page 211 
of discretion. Accordingly, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.