716 So.2d 740 (1998)
Christopher Michael HODGE, as administrator of the estate of Misty Leigh Hodge, deceased; and Christopher Michael Hodge, individually
v.
R & R MOVERS and Lawrence Cody Rivers.
2970118.
Court of Civil Appeals of Alabama.
May 1, 1998.
Richard L. Watters and John T. Kroutter, Mobile, for appellant.
Jerry A. McDowell of McDowell, Knight, Roedder & Sledge, L.L.C., Mobile, for appellees.
ROBERTSON, Presiding Judge.
On September 30, 1996, Christopher Michael Hodge, in his individual capacity and as the administrator of the estate of his wife, Misty Leigh Hodge, filed a complaint in the Circuit Court of Mobile County against R & R Movers and Lawrence Cody Rivers (hereinafter collectively referred to as "R & R"). Hodge alleged that R & R had negligently and/or wantonly operated its truck, which was towing a mobile home, so as to cause it to collide with an automobile occupied by Hodge and his wife. Hodge further alleged that R & R's negligent and/or wanton conduct resulted in the death of his wife and in physical, mental, and property damage to himself, and he sought compensatory and punitive damages. R & R answered, denying Hodge's allegations of negligence and/or wantonness, and averring that Hodge and his wife were contributorily negligent.
*741 On the same day it was filed, the case was assigned to the Mobile Circuit Court's "Expedited Case Management System," without objection by either party. The "Expedited Case Management System" was designed to dispose of a case within 12 months after filing. Assignment of a case to the "Expedited Case Management System" requires, among other things, that the plaintiff file a "motion to set and certificate of readiness" no later than 270 days after filing the complaint. If such a motion is not filed by the 280th day, the case is to be placed on the disposition docket as near as possible to the 300th day from the date of filing and is to be marked "To Be Dismissed," with notice to be sent to all of the parties.
On June 12, 1997, 255 days after the case was filed, Hodge's attorney, Ken Robertson, filed a motion to withdraw; that motion was granted on June 23, 1997. At the time he was permitted to withdraw, Robertson had not filed a "motion to set and certificate of readiness" for Hodge's case.[1] Thereafter, Hodge actively sought another attorney, and Robertson circulated the case to other attorneys in hopes of finding substitute counsel. Hodge retained Ron Herrington, but Herrington withdrew as Hodge's attorney approximately 48 hours after being retained and never filed a notice of appearance. Hodge was unable to immediately retain other counsel.
Because no "motion to set and certificate of readiness" had been filed for Hodge's case, it was placed on the July 25, 1997, disposition docket and marked "To Be Dismissed." The trial court sent to R & R's attorney a notice that the case had been marked for dismissal on the July 25, 1997, disposition docket, but it did not send a notice to Hodge. R & R's attorney wrote to Robertson notifying him that the case was to be dismissed at the July 25, 1997, docket. However, nothing in the record shows that R & R's attorney, Robertson, Herrington, or the trial court notified Hodge that his case was set for dismissal on July 25, 1997.
The trial court did not hold its disposition docket on July, 25, 1997, so Hodge's case was reset on the August 15, 1997, disposition docket. R & R's attorney notified Robertson and Herrington of this fact. Again, nothing in the record indicates that R & R's attorney, Robertson, Herrington, or the trial court notified Hodge that his case had been reset for dismissal on August 15, 1997.
On August 15, 1997, the trial court entered the following notation on the case action summary sheet: "No one appears on behalf of the plaintiffs. Case dismissed." Although the trial court did not expressly state that its dismissal was pursuant to Rule 41(b), Ala. R.Civ.P., it can be inferred from the record that it was, because neither party filed a motion for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala.R.Civ.P. Moreover, on appeal both parties concede that the trial court dismissed Hodge's case for his alleged failure to prosecute his claim pursuant to the requirements of the trial court's "Expedited Case Management System."
On September 15, 1997, Hodge, upon obtaining substitute counsel, filed a motion to set aside the trial court's dismissal and a "motion to set and certificate of readiness." Along with these motions, Hodge submitted his affidavit, in which he stated that he had been unable to attend the August 15, 1997, docket or to obtain substitute counsel because during that time he had been incarcerated for failing to pay overdue parking tickets. R & R objected to Hodge's motion, arguing that the dismissal should not be set aside because Hodge had failed to diligently prosecute his claim.
The trial court held an ore tenus hearing on Hodge's motion on October 31, 1997, at which Hodge submitted Robertson's affidavit. Robertson affirmed that after he withdrew as Hodge's attorney he had no further contact with Hodge and that he did not inform *742 Hodge that a "motion to set and certificate of readiness" had to be filed in his case within 270 days of filing the complaint. Robertson also stated that he did not inform Hodge that his case had been set for dismissal on the July and August 1997 dockets, nor did he forward to Hodge the letters he had received from R & R's attorney regarding the case being set for dismissal on those dates. Finally, Robertson stated that Hodge had been actively seeking substitute counsel since Robertson had been permitted to withdraw as Hodge's attorney in June 1997.
Hodge testified that from July 28, 1997, to August 8, 1997, he was incarcerated in the Prichard municipal jail for failure to pay overdue parking tickets and that he was released from jail only because he was extremely ill and had to be taken to a hospital. Hodge stated that he remained in the hospital until August 12 or 13, 1997. He stated that except for these periods when he was incapacitated, he had been actively seeking substitute counsel. Hodge further testified that he was never notified that a "motion to set and certificate of readiness" had to be filed within 270 days of filing his complaint, or that his case had been set for dismissal. On August 15, 1997, the trial court denied Hodge's motion to set aside the dismissal, by a notation on the case action summary sheet.
Hodge appealed to the Alabama Supreme Court; that court transferred the case to this court pursuant to § 12-2-7, Ala.Code 1975.
Hodge argues that the trial court erred in denying his motion to set aside the dismissal of his case. Because Hodge's motion to set aside the trial court's dismissal was filed within 30 days of the order of dismissal, we treat it as a Rule 59(e), Ala. R.Civ.P., motion to alter, amend, or vacate the judgment. Warner v. Pony Express Courier Corp., 675 So.2d 1317, 1319-20 (Ala. Civ.App.1996). In reviewing a trial court's refusal to vacate its prior judgment, we are limited to determining whether the trial court abused its discretion. Id.
In Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661-62 (Ala.1978), our Supreme Court set forth the rules applicable to the review of a dismissal, pursuant to Rule 41(b), Ala.R.Civ.P., for failure to prosecute:
"The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir.1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir.1967).
"Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright & Miller, Federal Practice & Procedure, § 2370, p. 203, n. 1; see, e.g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917 (5th Cir.1974); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.1968), cert. den. 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
"The Fifth Circuit Court of Appeals follows the rule that a trial judge may dismiss with prejudice an action `only in the face of a clear record of delay or contumacious conduct by the plaintiff.' Durham v. Florida East Coast Ry. Co., supra, followed in Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir.1972); Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir.1976). Several other circuits follow that rule. See 9 Wright & Miller, Federal Practice & Procedure, § 2369, p. 194-95, n. 70. Other courts refer to a `serious showing of willful default.' Gill v. Stolow, 240 F.2d 669 (2nd Cir.1957); Dabney v. Burrell, 67 F.R.D. 132 (D.Md.1975).
"Consequently, it appears that the plaintiff's conduct must mandate the dismissal. Brown v. Thompson, supra."

See also Cabaniss v. Wilson, 501 So.2d 1177, 1180 (Ala.1986), and Goodley v. Standard Furniture Mfg., 716 So.2d 226 (Ala.Civ.App. 1998).
Both Hodge and Robertson stated that Hodge did not receive notice that a "motion to set and certificate of readiness" had to be filed within 270 days of filing the complaint or that the case had been set for dismissal. Both also affirmed that Hodge *743 had been actively seeking substitute counsel since Robertson's withdrawal in June 1997.
Moreover, Hodge filed a "motion to set and certificate of readiness" one month after his case was dismissed and approximately 350 days after his case was filed. Hodge also testified at the trial court's hearing on his motion to set aside the dismissal that he would be prepared to proceed to trial within 60 days.
Although there may come a point in an action when the interest of the trial court in controlling its docket and the risk of prejudice to a defendant outweigh the interest in litigating a case on its merits, that point was not reached in this case. See Burdeshaw v. White, 585 So.2d 842, 849 (Ala.1991). We conclude that Hodge's actions did not constitute a clear record of delay, willful default, or contumacious conduct so as to mandate the dismissal of his case for lack of prosecution. Smith, 365 So.2d at 661-62. Hodge's conduct was not so extreme as to warrant the trial court's drastic sanction of dismissing his case. Id.
For the foregoing reasons, we reverse the trial court's denial of Hodge's motion to set aside the dismissal, and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs specially.
THOMPSON, Judge, concurring specially.
Hodge was a pro se litigant at the time his case was dismissed. It is an established principle that "the operation of the courts of this state is governed by rules which are no more forgiving of a pro se litigant than of one represented by counsel." Black v. Allen, 587 So.2d 349 (Ala.Civ.App.1991). This court has held that all parties, even when acting pro se, are charged with the responsibility of keeping track of the status of their case. Bowman v. Pat's Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987).
In this case, however, the judge granted a motion for leave to withdraw filed by Hodge's attorney four days before the date on which the "motion to set and certificate of readiness" were due to be filed. In addition, the court sent notice to R & R's counsel that the case had been marked for dismissal and was set for the disposition docket, but apparently failed to send notice to Hodge, mistakenly sending the notice to his former counsel instead. Because I believe Hodge may have been prejudiced by these actions on the part of the court, I concur in the majority's determination that the trial court's denial of Hodge's motion to set aside the dismissal should be reversed.
NOTES
[1] In support of his motion to set aside the trial court's dismissal of his claim, which is discussed infra, Hodge submitted Robertson's affidavit. Robertson affirmed that when he withdrew as Hodge's attorney, he did not tell Hodge that if a "motion to set and certificate of readiness" were not filed within 15 days, then Hodge's case would be set for dismissal under the "Expedited Case Management System." We also note that Hodge stated that he had only a 9th-grade education.