On June 6, 1997, Larry Coulter filed a complaint against Rickey Lacey Stewart in the Circuit Court of Mobile County, alleging that Stewart had negligently or wantonly caused an automobile accident in which Coulter was injured. On the same day, the trial court assigned the case to the Mobile Circuit Court's "Expedited Case Management System," which is designed to dispose of a case within 12 months after its filing. The assignment of a case to the "Expedited Case Management System" requires, among other things, that the plaintiff's attorney file a "motion to set [the case for trial] and [a] certificate of readiness" no later than 270 days after filing the complaint. If the plaintiff's attorney does not file such a motion by the 280th day, then the trial court will place the case, marked "to be dismissed," on a disposition docket as near as possible to the 300th day from the date of filing and will notify all parties that it has done so. If a "motion to set and certificate of readiness" is not received by the trial court before the disposition date, the case will be dismissed.
On July 23, 1997, the Mobile County sheriff returned the summons with a notation indicating that Stewart was "not found." The court six times set the case for a status conference; beside each status-conference entry on the case action summary sheet appear the initials "DNSR." According to the Mobile County circuit clerk, these initials stand for the phrase "defendant not served."
On January 26, 1998, Coulter filed a motion to have Stewart served by publication. Coulter's attorney stated in his affidavit supporting the motion for service by publication that he had diligently investigated Stewart's wherabouts, without success.[1] The trial court granted the motion to serve by publication on the date it was filed. However, Stewart was never served by publication.
On April 3, 1998, the 301st day after Coulter had filed his complaint, the trial court dismissed this action, with prejudice. On *Page 728 
May 4, 1998, Coulter filed a motion asking the court to "reconsider" and to reinstate the case. In this motion, Coulter asserted that his attorney had been "under the impression that the clerk would prepare the publication notice," but that "apparently the clerk requested the Plaintiff's office to prepare same." Also, Coulter stated in this motion that his attorney did not have personal knowledge of the clerk's request to prepare the publication notice and could not find in his office any record of such a request.
After the trial court denied his motion, Coulter appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975. Coulter argues that the trial court abused its discretion by dismissing this case with prejudice.
Because Coulter's motion was filed within 30 days of the dismissal, we treat it as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment of dismissal. Warner v.Pony Express Courier Corp., 675 So.2d 1317, 1319-20
(Ala.Civ.App. 1996). Our review of the trial court's refusal to vacate its prior judgment is limited to determining whether the trial court abused its discretion. Id.
The trial court did not expressly state why or on what grounds it dismissed this case. However, we can infer from the record that the dismissal was pursuant to Rule 41(b), because no party had moved for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala. R. Civ. P. Rule 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." The failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case.Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala. 1991); Crosby v. AvonProducts, Inc., 474 So.2d 642, 644 (Ala. 1985); and State v.Horton, 373 So.2d 1096, 1097 (Ala. 1979).
Cases interpreting Rule 41(b) have held that the trial court has the inherent power to sua sponte dismiss an action for want of prosecution. Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328,1330 (Ala. 1994); Burdeshaw v. White, 585 So.2d 842, 847 (Ala. 1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990). A Rule 41(b) dismissal is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion.Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v.Ervin, 519 So.2d 486, 487 (Ala. 1987). However, dismissal with prejudice is a drastic sanction that should be imposed only under extreme circumstances. Hodge v. R R Movers, 716 So.2d 740, 742
(Ala.Civ.App. 1998). In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby,597 So.2d 209, 210 (Ala. 1992); Atkins v. Shirley, 561 So.2d at 1077; andRiddlesprigger v. Ervin, 519 So.2d at 487.
The evidence in the record reflects that one and one-half months after Coulter filed his complaint the Mobile County sheriff returned the summons with a notation indicating that Stewart could not be located. Thereafter, during the six status conferences that took place over the next six months, Coulter reported to the trial court that he had been unable to serve Stewart. After the trial court prompted him to file a motion for service by publication, Coulter filed the motion and the required affidavit, and the trial court granted the motion for service by publication the same day. Rule 4.3(d)(2), Ala. R. Civ. P., provides that "[u]pon the filing of the affidavit the clerk shall direct that service of notice be made by publication in a newspaper of general circulation in the county in which the complaint is filed." However, the case action summary sheet does not reflect an entry to indicate that the clerk directed that service of notice be made by publication.
From our review of the record, it appears that Coulter was less than diligent in following-up on the trial court's order directing service by publication. Coulter neglected to monitor the status of his case and to take action when the clerk failed to attempt service by publication during the two-month period between the date of the trial court's order of service by publication and its dismissal of the case. *Page 729 
The Supreme Court of Alabama has held that an action may be dismissed when there is "a clear record of delay, willful default or contumacious conduct of the plaintiff." Burdeshaw v. White,585 So.2d at 847 (Ala. 1991), quoting Selby v. Money,403 So.2d 218, 220 (Ala. 1981). "`Willful' is used in contradistinction to accidental or involuntary noncompliance." Burdeshaw v. White, 585 So.2d at 847, quoting Selby v. Money, 403 So.2d at 221. This court strongly encourages parties to monitor the status of their cases. However, in this instance, we do not find that Coulter's conduct clearly constituted "delay, willful default or contumacious conduct." See Burdeshaw v. White, 585 So.2d at 847.
Furthermore, pursuant to the "Expedited Case Management System," the trial court must send notice to all parties when it places on the disposition docket a case marked "to be dismissed." However, nothing in the record indicates that the trial court notified Coulter that it had set this case for dismissal. InHodge v. R R Movers, supra, 716 So.2d 740, the majority of this court considered the trial court's failure to notify the plaintiff that the case had been set for dismissal as one factor supporting its determination that the trial court's dismissal of the case for lack of prosecution was not warranted.
Because no evidence in the record supports the trial court's dismissal of this action for lack of prosecution, we must conclude that the trial court abused its discretion. Therefore, the judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs specially.
CRAWLEY, J., concurs in the result.
[1] While the propriety of the trial court's order directing service by publication is not before this court, we note that the affidavit of Coulter's attorney does not aver that Stewart had avoided service. Rule 4.3 Ala. R. Civ. P. requires, among other things, that in in personam actions a party moving for service by publication must affirmatively show by affidavit that the party to be served has avoided service.