Judge Johnston dismissed Evans's second action, stating that "the case was dismissed . . . on May 18, 1995, pursuant to Rule 41(b), Ala.R.Civ.P., for failure to adhere to a Court Order and [therefore, the dismissal] was a dismissal with prejudice." Judge Key's detailed May 18, 1995, order provided in part:
 "Whereas, the thirty (30) day period requested by the Plaintiffs' attorney to accomplish the dismissal of this case passed on May 8, 1995, and the Court has not heard further from the plaintiffs' attorney, and the Plaintiffs' attorney has not designated a substitute plaintiff for trial purposes; Now, therefore,
 "It is the order of this Court that this case is hereby dismissed with each party to bear its own costs."
I believe Judge Johnston correctly determined that Judge Key's 1995 dismissal of the workers' compensation action was with prejudice. For that reason, I must respectfully dissent.
Rule 41(b), Ala.R.Civ.P., reads:
 "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits."
(Emphasis added.) Cases interpreting Rule 41(b) have held that the trial court has the inherent power to act sua sponte to dismiss an action. Wal-Mart Stores, Inc. v. Caples,646 So.2d 1328, 1330 (Ala. 1994); Burdeshaw v. White, 585 So.2d 842, 847
(Ala. 1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990). A trial court may also, pursuant to Rule 41(b), dismiss an action for a party's failure to comply with court rules or orders.Ryder Int'l Corp. v. State, 439 So.2d 162, 164 (Ala.Civ.App. 1983), citing Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386,8 L.Ed.2d 734 (1962); and Smith v. Wilcox County Bd. of Educ.,365 So.2d 659 (Ala. 1978). An involuntary dismissal under Rule 41(b), Ala.R.Civ.P., operates as an adjudication upon the merits and is a final judgment, unless otherwise specified.Tuscaloosa City Bd. of Educ. v. Roberts, 440 So.2d 1058, 1061
(Ala. 1983); Hayden v. Harris, 437 So.2d 1283, 1285 (Ala. 1983); and Bibb v. Boyd, 417 So.2d 206, 207 (Ala.Civ.App. 1982).
Judge Johnston determined that Judge Key had dismissed the 1993 action because the plaintiffs had failed to comply with the trial court's order to substitute a plaintiff for trial purposes and had failed to follow through on their attorney's expressed intention to file a motion for a voluntary dismissal. This court has held that a trial court has inherent power to interpret, implement, or enforce its judgment. Patton v. Cumberland LakeCountry Club, 703 So.2d 376 (Ala.Civ.App. 1997). "Moreover, `[i]f there is uncertainty in a judgment the court must construe it so as to express the intent of the trial judge, which intent can be derived from the provisions of the judgment.'" Id. at 380 (citations omitted). *Page 1034 
Nothing in the record indicates that the plaintiffs in the 1993 workers' compensation action made an oral motion to dismiss that action or requested a voluntary dismissal before Judge Key entered the May 18, 1995, order dismissing the action. Rather, the plaintiffs' attorney announced his intention to dismiss the action and requested 30 days in which to file his motion to dismiss. The attorney's request for a voluntary dismissal was first made four days after Judge Key had already entered his order dismissing the action. This court has held that it can be inferred from the record that a trial court dismissed a case with prejudice, if neither the plaintiff nor the defendant timely filed a motion for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala.R.Civ.P. Coulter v. Stewart 726 So.2d 726 (Ala.Civ.App. 1999); and Hodge v. R R Movers, 716 So.2d 740, 741
(Ala.Civ.App. 1998).
The majority's opinion reasons that Alabama caselaw "would support a conclusion that the dismissal was without prejudice, because the facts in this case do not indicate willful delay, want of prosecution, or contumacious conduct by the plaintiffs." 784 So.2d at 1031. However, the merits of Judge Key's order dismissing the 1993 action are not before this court for review. That dismissal was a final judgment, and Evans failed to appeal it.
Because I would affirm the trial judge's order, I must respectfully dissent.