767 So.2d 1103 (2000)
Mark S. MANGIAFICO et al.
v.
John H. STREET, Jr., and John H. Street, Sr.
1980391.
Supreme Court of Alabama.
March 24, 2000.
Nathaniel D. Owens of Remedies Legal Services, P.C., Anniston, for appellants.
Alfred F. Smith, Jr., of Bainbridge, Mims, Rogers & Smith, L.L.P., Birmingham, for appellees.

On Application for Rehearing
BROWN, Justice.
The opinion of December 17, 1999, is withdrawn, and the following is substituted therefor.
Mark Mangiafico and Vicki Mangiafico, d/b/a Precision Tune, and AnniTune, Inc. (all hereinafter referred to as "Mangiafico"), appeal from the trial court's judgment *1104 dismissing their action against John H. Street, Jr., and John H. Street, Sr. (together hereinafter referred to as "Street"), for failure to initiate arbitration. We affirm.
In 1994, Mark and Vicki Mangiafico purchased a corporation known as AnniTune, Inc., from David Gremaud; in doing so, they assumed a lease agreement previously executed by Gremaud, as lessee, and Street, as lessor. Included in the terms of the lease was a provision prohibiting Street from subleasing to a like-kind competitor of AnniTune any portion of certain premises where the AnniTune business was located.[1] In 1995, Street leased space in a portion of the premises to a person operating a business called "Tommy Griffith Auto Repair." Mangiafico and Street renewed the lease on July 30, 1996; however, shortly after renewing the lease, Mangiafico filed for bankruptcy protection. Mangiafico did not disclose any claim against Street as a potential asset in any of the documents executed during the bankruptcy proceeding. Mangiafico was discharged from all debts under Chapter 7 of the Bankruptcy Code on June 20, 1997.
In February 1998, Mangiafico sued Street, alleging breach of the lease agreement. Street filed a motion to dismiss, based on the doctrine of judicial estoppel, and also moved to compel arbitration, pursuant to the following arbitration provision found at paragraph 23(m) of the lease agreement:
"Any controversy between the parties hereto involving the construction or application of any of the terms, covenants or conditions of this Agreement that may properly be submitted to arbitration shall, on the written request of one of the parties, be submitted to binding arbitration in Anniston, Alabama, before a panel of not more than three (3) arbitrators and such arbitration shall comply with and be governed by the Commercial Arbitration Rules of the American Arbitration Association."
On July 23, 1998, the trial court granted the motion to compel arbitration, stating in its order:
"This matter comes before the Court on the defendants' Motion to Dismiss or in the Alternative Motion to Compel Arbitration which was filed on or about April 6, 1998. After consideration of all pleadings submitted by the parties, the Court finds the defendants' motion to compel arbitration to be well taken. Therefore, for good cause shown, the motion to compel arbitration is due to be, and is hereby, GRANTED.
"Insofar as the motion seeks the alternative remedy of dismissal, the motion is MOOT, said issues or defenses being referred to arbitration for consideration therein.
"Plaintiffs have thirty days from the date of this Order in which to initiate arbitration proceedings pursuant to the Commercial Arbitration Rules of the American Arbitration Association as required by the agreement made the basis of this action. Plaintiffs are directed to advise this Court in writing of their instigation of the arbitration process within thirty days of this Order; otherwise this action will be dismissed with prejudice. If plaintiffs properly initiate arbitration proceedings within thirty days, this case will be stayed and placed on the Court's administrative docket. The Court will retain jurisdiction of this matter for purposes of entering judgment upon any arbitration award or decision." *1105 (Emphasis added.) On August 14, 1998, Mangiafico filed a motion to extend the time for initiating arbitration. The basis for this request was a statement that another action was pending that Mangiafico said involved "the identical issues that are the basis of the arbitration that this court has ordered Plaintiff to initiate." Mangiafico did not initiate arbitration within the 30 days set by the July 23, 1998, order. The court, on August 25, 1998, entered the following order dismissing Mangiafico's action:
"Upon a review of the Plaintiffs Motion to Extend Time to Initiate Arbitration, and upon further review of the Court file, including the Defendants' Motion to Dismiss and the Plaintiffs' response thereto, this Court is of the opinion that the Defendants' Motion to Dismiss should be and hereby is GRANTED. All claims against the Defendants are dismissed with prejudice, with costs taxed to the Plaintiffs, for which let execution issue."
Mangiafico appealed from that judgment of dismissal. Mangiafico appears to argue that the dismissal denied Mangiafico the contractual right to arbitration and thus was an abuse of the trial court's discretion.
Street argues, among other things, that Mangiafico failed to demonstrate that the trial court abused its discretion in dismissing the case after Mangiafico had failed to initiate arbitration proceedings within the 30-day period. We agree.
It is well established that a trial court must be vested with the authority "to manage its affairs in order to achieve the orderly and expeditious disposition of cases." Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989). Further, it is not an abuse of discretion for a trial court to hold the parties to the terms of its order. Eastern Dredging & Constr., Inc. v. Parliament House L.L.C., 698 So.2d 102, 104 (Ala.1997). The trial court gave Mangiafico specific notice that arbitration was to be initiated within 30 days. Twenty-two days later, Mangiafico moved to extend the time for initiating arbitration. The trial court did not rule on the motion before the expiration of the 30-day period. Mangiafico failed to initiate arbitration, despite the clear language in the trial court's order indicating that the case would be dismissed if arbitration proceedings were not begun within 30 days. Because Mangiafico did not commence arbitration as ordered by the terms of the July 23, 1998, order, the trial court, acting within its discretion and authority to manage the cases before the court, properly dismissed the case.
The judgment of dismissal is affirmed.
OPINION OF DECEMBER 17, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HOOPER, C.J., and HOUSTON and SEE, JJ., concur.
MADDOX and LYONS, JJ., concur in the result.
JOHNSTONE and ENGLAND, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent because, under our established law, a trial court should not inflict the drastic sanction of dismissal with prejudice for a party's missing a nonjurisdictional deadline unless the party's default in that regard is willful or contumacious. Burdeshaw v. White, 585 So.2d 842 (Ala.1991); Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981); Smith v. Wilcox Bd. of Educ., 365 So.2d 659 (Ala. 1978); Coulter v. Stewart, 726 So.2d 726 (Ala.Civ.App.1999); and Ryder Int'l Corp. v. State, 439 So.2d 162 (Ala.Civ.App.1983). The facts of the case before us do not support a finding of willful or contumacious conduct by these plaintiffs and therefore do not support the drastic sanction of dismissal with prejudice.
ENGLAND, Justice (dissenting).
I dissent from the judgment affirming the trial court's order dismissing this case *1106 because Mangiafico did not commence arbitration in accordance with the terms of the trial court's July 23, 1998, order. The record reflects that on July 23, the trial court granted Street's motion to compel arbitration, stating in its order:
"This matter comes before the Court on the defendants' Motion to Dismiss or in the Alternative Motion to Compel Arbitration which was filed on or about April 6, 1998. After consideration of all pleadings submitted by the parties, the Court finds the defendants' motion to compel arbitration to be well taken. Therefore, for good cause shown, the motion to compel arbitration is due to be, and is hereby, GRANTED.
"Insofar as the motion seeks the alternative remedy of dismissal, the motion is MOOT, said issues or defenses being referred to arbitration for consideration therein.
"Plaintiffs have thirty days from the date of this Order in which to initiate arbitration proceedings pursuant to the Commercial Arbitration Rules of the American Arbitration Association as required by the agreement made the basis of this action. Plaintiffs are directed to advise this Court in writing of their instigation of the arbitration process within thirty days of this Order; otherwise this action will be dismissed with prejudice. If plaintiffs properly initiate arbitration proceedings within thirty days, this case will be stayed and placed on the Court's administrative docket. The Court will retain jurisdiction of this matter for purposes of entering judgment upon any arbitration award or decision."
On August 14, eight days before the 30-day period for initiating arbitration would expire, Mangiafico moved to extend the time for initiating arbitration, setting forth his reasons for seeking an extension. While the motion to extend time was pending, the 30-day period for initiating arbitration expired. The trial court, on August 25, 1998, entered the following order:
"Upon a review of the Plaintiffs Motion to Extend Time to Initiate Arbitration, and upon further review of the Court file, including the Defendants' Motion to Dismiss and the Plaintiffs' response thereto, this Court is of the opinion that the Defendants' Motion to Dismiss should be and hereby is GRANTED. All claims against the Defendants are dismissed with prejudice, with costs taxed to the Plaintiffs, for which let execution issue."
Thus, the trial court did not address the defendants' motion to extend time until after the 30-day period had lapsed. I believe the sanction of dismissal is too drastic a measure under the circumstances of this case. In Coulter v. Stewart, 726 So.2d 726 (Ala.Civ.App.1999), the Court of Civil Appeals stated:
"Cases interpreting Rule 41(b)[, Ala. R. Civ. P., pertaining to the involuntary dismissal of actions,] have held that the trial court has the inherent power to sua sponte dismiss an action for want of prosecution. Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328, 1330 (Ala.1994); Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990). A Rule 41(b) dismissal is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987). However, dismissal with prejudice is a drastic sanction that should be imposed only under extreme circumstances. Hodge v. R & R Movers, 716 So.2d 740, 742 (Ala.Civ. App.1998). In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992)."
726 So.2d at 728 (emphasis added)(some citations omitted).
*1107 Because I do not believe the evidence supports the dismissal, I must respectfully dissent.
NOTES
[1] The lease agreement included the following provision:

"AGREEMENT NOT TO COMPETE: Lessor shall not, at any time during the term thereof, if Lessee is not in default hereunder, sublease any portion of the property within Block 23 north of the premises leased herein to any person or entity engaging in the business of domestic and foreign automotive oil changes and lubrication, automotive tune-ups and diagnosis,... carburetion and fuel injection repairs and computerized engine control repairs."