I dissent from the judgment affirming the trial court's order dismissing this case *Page 1106 
because Mangiafico did not commence arbitration in accordance with the terms of the trial court's July 23, 1998, order. The record reflects that on July 23, the trial court granted Street's motion to compel arbitration, stating in its order:
 "This matter comes before the Court on the defendants' Motion to Dismiss or in the Alternative Motion to Compel Arbitration which was filed on or about April 6, 1998. After consideration of all pleadings submitted by the parties, the Court finds the defendants' motion to compel arbitration to be well taken. Therefore, for good cause shown, the motion to compel arbitration is due to be, and is hereby, GRANTED.
 "Insofar as the motion seeks the alternative remedy of dismissal, the motion is MOOT, said issues or defenses being referred to arbitration for consideration therein.
 "Plaintiffs have thirty days from the date of this Order in which to initiate arbitration proceedings pursuant to the Commercial Arbitration Rules of the American Arbitration Association as required by the agreement made the basis of this action. Plaintiffs are directed to advise this Court in writing of their instigation of the arbitration process within thirty days of this Order; otherwise this action will be dismissed with prejudice. If plaintiffs properly initiate arbitration proceedings within thirty days, this case will be stayed and placed on the Court's administrative docket. The Court will retain jurisdiction of this matter for purposes of entering judgment upon any arbitration award or decision."
On August 14, eight days before the 30-day period for initiating arbitration would expire, Mangiafico moved to extend the time for initiating arbitration, setting forth his reasons for seeking an extension. While the motion to extend time was pending, the 30-day period for initiating arbitration expired. The trial court, on August 25, 1998, entered the following order:
 "Upon a review of the Plaintiff's Motion to Extend Time to Initiate Arbitration, and upon further review of the Court file, including the Defendants' Motion to Dismiss and the Plaintiffs' response thereto, this Court is of the opinion that the Defendants' Motion to Dismiss should be and hereby is GRANTED. All claims against the Defendants are dismissed with prejudice, with costs taxed to the Plaintiffs, for which let execution issue."
Thus, the trial court did not address the defendants' motion to extend time until after the 30-day period had lapsed. I believe the sanction of dismissal is too drastic a measure under the circumstances of this case. In Coulter v. Stewart,726 So.2d 726 (Ala.Civ.App. 1999), the Court of Civil Appeals stated:
 "Cases interpreting Rule 41(b)[, Ala.R.Civ.P., pertaining to the involuntary dismissal of actions,] have held that the trial court has the inherent power to sua sponte dismiss an action for want of prosecution. Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328, 1330 (Ala. 1994); Burdeshaw v. White, 585 So.2d 842, 847 (Ala. 1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990). A Rule 41(b) dismissal is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala. 1987). However, dismissal with prejudice is a drastic sanction that should be imposed only under extreme circumstances. Hodge v. R R Movers, 716 So.2d 740, 742 (Ala.Civ.App. 1998). In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210
(Ala. 1992)."
726 So.2d at 728 (emphasis added) (some citations omitted). *Page 1107 
Because I do not believe the evidence supports the dismissal, I must respectfully dissent.