832 So.2d 79 (2002)
STATE of Alabama ex rel. S.M.
v.
A.H.
2001094.
Court of Civil Appeals of Alabama.
April 12, 2002.
*80 Bill Pryor, atty. gen., and J. Coleman Campbell, Lois Brasfield, and Jennifer M. Bush, asst. attys. gen., Department of Human Resources, for appellant.
Gregory N. Norton, Anniston, for appellee.
PITTMAN, Judge.
This is an appeal from the trial court's dismissal, with prejudice, of an action seeking an adjudication of paternity and child support.
On June 9, 1999, the State, on behalf of S.M., filed a petition in the juvenile court seeking an adjudication of paternity and child support. On September 30, 1999, the juvenile court entered a default judgment against the putative father, establishing paternity and ordering child support. On November 15, 1999, the putative father filed a motion for relief from judgment; he claimed that he had not been properly served. On March 21, 2000, the juvenile court ordered the parties to undergo DNA testing, and on May 25, 2000, it set aside the default judgment. On July 25, 2000, and on November 14, 2000, the juvenile court continued the matter on motion of the mother. On April 11, 2001, the putative father filed a motion to dismiss, and the juvenile court granted the motion on June 12, 2001. The mother filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., which was denied by operation of law.
The mother appeals. She argues that the juvenile court erred when it dismissed the paternity and child-support actions with prejudice. We agree.
Rule 41(b), Ala. R. Civ. P., provides that an action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court." A Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only for an abuse of that discretion. Atkins v. Shirley, 561 So.2d 1075 (Ala. 1990); Riddlesprigger v. Ervin, 519 So.2d 486 (Ala.1987); Coulter v. Stewart, 726 So.2d 726 (Ala.Civ.App.1999). Nevertheless, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659 (Ala. 1978); Hodge v. R & R Movers, 716 So.2d 740 (Ala.Civ.App.1998). In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209 (Ala.1992).
"`In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. "Willful" is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.'"
Atkins, 561 So.2d at 1077, quoting Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981) (citations omitted).
*81 Here the record does not reveal the presence of "extreme circumstances" sufficient to warrant the "harsh sanction" of a dismissal with prejudice. See Selby, 403 So.2d at 220. A close review of the record shows that the mother requested only two continuances, and those were requested because of a delay in the receipt of the DNA test results. The record also discloses that at the hearing on the motion to dismiss, the mother's attorney noted that the State of Alabama was using a new lab to process these tests, and that the lab could expeditiously process a new blood sample for DNA testing. In total, while it is possible that the Department of Human Resources, acting on the mother's behalf, at worst was not diligent in checking on whether the lab had what it needed to complete the DNA testing, nothing in the record indicates that the mother or the State on her behalf was engaged in "willful" delay or "contumacious conduct."
Based on the above, we conclude that the juvenile court's order of dismissal is not supported by the evidence. We therefore reverse the ruling of the juvenile court, and remand this cause to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.