Joseph Goodley appeals from the denial of his motion to set aside the dismissal of his complaint pursuant to Rule 41(b), Ala. R. Civ. P., for lack of prosecution.
On December 5, 1996, Goodley filed a complaint seeking workers' compensation benefits from Standard Furniture Manufacturing Company. On August 11, 1997, two days before the case was scheduled to be tried, Goodley's counsel filed a notice of withdrawal, stating that the lawyer and Goodley were unable to agree on "fundamental issues regarding the claim." That filing included a proposed order granting counsel leave to withdraw. The circuit court did not sign that order.
On August 13, when neither Goodley nor his attorney appeared for trial, the circuit court dismissed the complaint for want of prosecution. Goodley moved to set aside the dismissal, alleging that his attorney had received notice of the trial setting but had not informed Goodley of the trial date. The circuit court denied the motion on the day it was filed without a hearing. Goodley appeals. We reverse.
"The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at a trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power." Thompson v. McQuagge, 464 So.2d 105, 106
(Ala.Civ.App. 1985). However, "[d]ismissal with prejudice is a harsh sanction and should be used only in extreme circumstances." Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990) (quoting Selby v. Money, 403 So.2d 218, 220 (Ala. 1981)).
 " 'In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. "Willful" is used in contradistinction to accidental or involuntary noncompliance. No wrong motive or intent is necessary to show willful conduct.' "
Id. (internal citations omitted).
Other than Goodley's failure to appear on the date set for trial, the case action summary reveals no delay, default, or dereliction on his part. Compare Cassady v. Montgomery CountyBd. of Educ., 496 So.2d 764 (Ala. 1986) (trial court did not err by dismissing, for lack of prosecution, plaintiff's claim when record showed that plaintiff had obtained numerous continuances over a 20-month period, had failed to appear at two scheduled pre-trial conferences, and had failed to appear at trial).
Goodley's motion to set aside the dismissal alleged a facially valid reason for his failure to appear at trial.Compare Penn v. Irby, 496 So.2d 751 (Ala. 1986) (trial court did not err by dismissing pro se plaintiff's case when record showed that copies of trial docket were sent by certified mail to plaintiff and plaintiff was also notified by telephone of his trial setting).
Because the record reveals no delay, willful default, or contumacious conduct by Goodley, we hold that the trial court abused its discretion by dismissing Goodley's complaint.
The judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur. *Page 228