Sintruella Thompson appeals from the denial of her motion seeking to reinstate her negligence and wantonness action against Faith E. Williams, which had been dismissed by the Jefferson County Circuit Court. We reverse and remand.
Thompson filed her action in July 1997, alleging that on August 10, 1995, Williams had negligently or wantonly caused her automobile to collide with Thompson's automobile. The trial court later entered an order consolidating the trial of that action with an insurance-coverage action filed by Infinity Insurance Company ("Infinity") against Thompson, numbered CV-97-1025; however, both cases retained their separate case numbers after the consolidation order was entered.
On September 18, 1998, the trial court entered a pretrial order requiring the parties to exchange trial briefs 14 days in advance of the date scheduled for trial. These trial briefs were to include: a concise statement of disputed and undisputed facts, a statement of the issues to be tried and the parties' positions, and lists of proposed exhibits and witnesses. Although the record does not reflect that a trial date had yet been set, both Williams and Infinity filed a pretrial brief and a list of witnesses and exhibits on October 5, 1998. The trial court then set the case for trial on January 11, 1999.
On November 3, 1998, counsel for Thompson was elected as a circuit judge, and on December 3, 1998 he was appointed by the governor to fill an unexpired term of another circuit judge. The case was continued "to be reset" on December 11, 1998. Thompson's counsel then filed a motion to withdraw, requesting among other things that Thompson "be allowed a reasonable time to substitute counsel." The motion to withdraw was granted on December 17, 1998, although there is no indication that Thompson was notified of the granting of that motion. Moreover, the case action summary sheet does not reflect that a trial date was set after the trial court's continuance order of December 11, 1998.
On April 5, 1999, Infinity and Williams filed a motion in open court to dismiss Thompson's action for want of prosecution and to preclude her from calling witnesses or submitting exhibits based upon her alleged failure to comply with the pretrial order. Thompson did not appear in court on the day that the motion was filed, and there is no indication that the motion was served upon her. On the same day that the motion was filed, the trial court entered the following judgment:
 "This case was called for trial on April 5, 1999. Defendant and counsel were present and plaintiff did not appear. This case is dismissed for lack of prosecution. Costs taxed to plaintiff."[1]
The trial court clerk sent copies of the trial court's judgment and a cost bill directly to Thompson.
On April 27, 1999, Thompson, appearing through new counsel, filed a verified "motion to reinstate" her action, alleging that she had attempted to find another attorney after her former attorney had been allowed to withdraw, but that he had failed to inform her of the status of the case. She further alleged that she had believed that she had to have an attorney representing *Page 527 
her before she could attend court, and had learned only after "the court date" that she could appear pro se. Williams filed a response in opposition, again contending that Thompson had failed to file a trial brief and witness and exhibit lists and contending that she had failed to appear on January 11, 1999, the scheduled trial date, although the case had been continued "to be reset" in December. The trial court denied the motion to reinstate.
Thompson appealed to the Alabama Supreme Court from the trial court's order denying her motion to reinstate. The Supreme Court transferred the appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975.
Because the trial court's judgment dismissing Thompson's action does not specify otherwise, that dismissal was with prejudice. Rule 41(b), Ala.R.App.P. The trial court has thus barred Thompson from bringing any claim that was brought, or could have been brought, in this action. See Calhoun v. PennsylvaniaNat'l Mut. Cas. Ins. Co., 676 So.2d 1332, 1334 (Ala.Civ.App. 1995).
In Goodley v. Standard Furniture Mfg. Co., 716 So.2d 226
(Ala.Civ.App. 1998), this court reversed a dismissal with prejudice for failure to prosecute where the plaintiff's attorney had moved to withdraw from the action two days before the scheduled trial of the case and where the attorney had failed to inform the plaintiff of the impending trial. In doing so, we set forth the following legal principles:
 "`The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at a trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.' Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App. 1985). However, `dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.' Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990) (quoting Selby v. Money, 403 So.2d 218, 220 (Ala. 1981)).
 "`"In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. `Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrong motive or intent is necessary to show willful conduct."`"
716 So.2d at 227 (quoting Atkins, 561 So.2d at 1077).
Here, as in Goodley, the record does not reveal the presence of "extreme circumstances" sufficient to warrant the "harsh sanction" of a dismissal with prejudice. While Thompson did fail to appear in court on April 5, 1999, which failure she has stated was a result of her belief that she could not appear in court without an attorney, there is no indication that Thompson "consciously or intentionally failed to act" so as to warrant a conclusion that she had forfeited her right to have the merits of her action determined. Moreover, the case action summary sheet does not clearly indicate that Thompson received notice of that specific trial date — the last entry dealing with trial settings before April 5, 1999, is the trial court's order of December 11, 1998, that the case was "continued to be reset," which specifies no certain trial date. Finally, Williams has not demonstrated that it would have been unreasonable for Thompson to rely on her interim attorney to notify her about the status of the case, and of any need for her to be in attendance.
We conclude, therefore, that the trial court abused its discretion in dismissing Thompson's action with prejudice, and that its judgment is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED. *Page 528 
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.
[1] The record does not reveal whether Infinity's action against Thompson was decided; however, because those two actions retained their separate identity (see League v. McDonald, 355 So.2d 695,697 (Ala. 1978)), the judgment in favor of Williams in Thompson's action adjudicates all claims and all parties, and is a final judgment subject to appeal, despite the presence of fictitious parties in the complaint (see Rules 4(f) and 54(b), Ala.R.Civ.P.).