THOMAS, Judge,
dissenting.
I respectfully dissent from the decision to affirm the Rule 41(b), Ala. R. Civ. P., dismissal of the former husband’s complaint for failure to prosecute. “ ‘Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.’ ” Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990)(quoting Selby v. Money, 403 So.2d 218, 220 (Ala.1981)).
“ ‘ “In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff.” ’ ”
Goodley v. Standard Furniture Mfg. Co., 716 So.2d 226, 227 (Ala.Civ.App.1998) (quoting Atkins v. Shirley, 561 So.2d at 1077, quoting in turn Selby v. Money, 403 So.2d at 220). The record reveals no clear pattern of delay, willful default, or contumacious- conduct on the part of the former husband. The record also does not contain the court’s May 17, 2006, letter to the attorneys, so we cannot assume that the parties were warned that continued inaction would result in dismissal. See Henderson v. G & G Corp., 582 So.2d 529 (Ala.1991).
“ ‘[T]he rule is that a lengthy period of inactivity may justify dismissal in the circumstances of a particular case.’ ” Burdeshaw v. White, 585 So.2d 842, 848 (Ala.1991)(quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 662 (Ala.1978)). The five-month period between the April 18, 2006, trial setting and the September 15, 2006, dismissal was not inordinately long. Moreover, the period of inactivity must generally be
“ ‘coupled with some other act to warrant the severe penalty of dismissal. See, e.g., Link v. Wabash R. Co., [370 U.S. 626 (1962) ] (inactivity coupled with [six years of protracted litigation and] counsel’s failure to appear at a pre-trial conference); Forest Nursery Co. v. Crete Carrier Corp., 319 *1110 F.Supp. 213 (E.D.Tenn.1970) (failure of defendant to answer a summons 6 months after required by statute); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir.[ 1968 ]), cert. den., 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 [ (1969) ] (failure to obey court order coupled with lapse of activity for 14 years).’ ”

Id.

The former husband presented at least a facially valid reason — the parties’ attempts, and eventual failure, to reach an agreement — for the five-month period of inactivity on the case. See Goodley v. Standard Furniture Mfg. Co., 716 So.2d at 227 (stating that the plaintiffs motion to set aside the dismissal “alleged a facially valid reason for his failure to appear at trial”).