THOMPSON, Presiding Judge.
On February 9, 2011, Kenneth Smith filed a pro se complaint in the Baldwin Circuit Court seeking to eject Connie Butler-Austin from certain real property. In his complaint against Butler-Austin, Smith *1015 alleged that John Reynolds had improperly leased the property to Butler-Austin. Smith’s action against Butler-Austin was assigned case number CV-11-900208. On February 28, 2011, Butler-Austin answered Smith’s complaint, denying that Smith had the right to eject her from the property.
Also on February 28, 2011, Butler-Austin filed in case number CV-11-900208 a third-party complaint naming Reynolds as a third-party defendant. In that third-party complaint, Butler-Austin asserted various claims against Reynolds in the event the trial court determined that Reynolds was not the owner of the property Reynolds had contracted to lease to her. In support of that third-party complaint, Butler-Austin submitted a copy of a May 16, 1997, lease document naming Reynolds and Butler-Austin as parties to the lease agreement.
On March 14, 2011, the trial court entered an order in case number CV-11-900208 scheduling a bench trial for July 26, 2011. Butler-Austin later moved to consolidate case number CV-11-900208 with a separate action Smith had initiated against Reynolds, which she alleged was designated as case number CV-11-900209 and which is hereinafter referred to as “the Reynolds action.” The record on appeal contains no pleadings or orders pertaining to the Reynolds action. However, in a postjudgment motion discussed later in this opinion, Smith alleged that he had filed that action against Reynolds when he discovered that Reynolds had executed an agreement purporting to lease the property to Butler-Austin. On March 25, 2011, the trial court granted Butler-Austin’s motion to consolidate the two actions.
On July 26, 2011, the date of the scheduled bench trial, Butler-Austin filed a motion for an award of an attorney fee pursuant to the Alabama Litigation Accountability Act (“ALAA”), § 12-19-270 et seq., Ala.Code 1975. As a basis for her ALAA claim, Butler-Austin alleged that the trial court had scheduled Smith’s claims against her for a bench trial on July 26, 2011, and that Smith had failed to appear at the scheduled trial.
On July 28, 2011, the trial court entered the following order (hereinafter “the July 28, 2011, order”) in case number CV-11-900208:
“This matter comes before the Court for bench trial final hearing [sic] this 26th day of July 2011; present in Court was the defendant, Connie Butler-Austin, represented by her attorney of record ..., and the defendant, John Reynolds, represented by.... The plaintiff, Kenneth Smith, or any representatives on behalf, failed to appear. The Court, upon [Butler-Austin’s] oral motion to dismiss [Smith’s] complaint against defendant Connie Butler-Austin for his failure to appear, together with [Butler-Austin’s] motion for an attorney fee, made verbal findings on the record which are incorporated within this order by reference; and, further, the Court hereby does:
“ORDER, ADJUDGE and DECREE as follows:
“1. That [Smith’s] complaint as to defendant Connie Butler-Austin is hereby due to be, and is, dismissed with prejudice.
“2. That defendant Connie Butler-Austin’s third-party complainVcross-elaim against defendant John Reynolds is hereby due to be and is dismissed without prejudice.
“3. That defendant Connie Butler-Austin’s motion for an attorney fee pursuant to the [ALAA] is hereby due to be, and is GRANTED. Judgment is hereby entered in favor of defendant Connie Butler-Austin, and against plain *1016 tiff Kenneth Smith, for her attorney fees in defending this cause of action, in the amount of $1,500, for which execution [shall] issue.”
(Capitalization in original.) Also on July 28, 2011, the trial court entered another order that is substantially the same as the order quoted above; that order stated: “Trial held on 7/26/2011. Plaintiff failed to appear. Case is dismissed and third-party complaint is dismissed without prejudice.” [1]
On August 26, 2011, Smith, who had by that time retained counsel, filed in case number CV-11-900208 a purported post-judgment motion in which he sought to set aside the July 28, 2011, order.[2] See SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n. 1 (Ala.Civ.App.2007) (“A valid postjudgment motion may only be taken in reference to a final judgment.”). Smith submitted certain exhibits in support of his August 26, 2011, motion. On August 29, 2011, the trial court entered an order denying Smith’s August 26, 2011, motion to set aside the July 28, 2011, order. Smith appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.[3] Smith contends that the trial court erred in failing to set aside the July 28, 2011, order in case number CV-11-900208.
However, as an initial matter, we take notice of a jurisdictional issue. See Bryant v. Flagstar Enters., Inc., 717 So.2d 400, 401 (Ala.Civ.App.1998) (“[W]e must consider whether we have jurisdiction over this appeal, because ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987))). A nonfinal order cannot support an appeal. See Schlarb v. Lee, 955 So.2d 418, 420 (Ala.2006).
In Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056 (Ala.2006), the judgment entered in Hanner’s divorce action required that she and her former husband maintain life-insurance policies for the benefit of their minor child. Shortly before his death, the former husband assigned a portion of his life-insurance benefits to Metro Bank as security for indebtedness, and he assigned the remainder of those benefits to his new wife. After the former husband’s death, a dispute arose concerning the proceeds of the life-insurance policy. The insurance company filed a declaratory-judgment action against Metro Bank and Hanner. Hanner counterclaimed against the insurance company and filed a cross-claim against Metro Bank. In addition, Hanner filed a separate action against the former husband’s estate and his widow. Hanner’s action was consolidated with the insurance company’s declaratory-judgment action.
In Hanner, supra, the trial court entered a judgment in favor of Metro Bank *1017 on all the claims pending between the parties to the declaratory-judgment action. Our supreme court concluded, however, that, because the two actions had been consolidated and no judgment had been entered in Hanner’s action against the estate and the widow, the order in the declaratory-judgment action was nonfinal. Hminer, 952 So.2d at 1060. In so holding, the court explained:
“According to Wright and Miller:
“ ‘Although federal courts usually have said that consolidated actions do not lose their separate identity, some courts have reasoned persuasively that they should be treated as a single action for purposes of review by way of Rule 54(b), and that a judgment in the consolidated case that does not dispose of all claims and all parties is appealable only if certified as that rule requires.’
“9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2386 (2d ed.1995) (footnote omitted). The United States Court of Appeals for the Ninth Circuit has said:
“ ‘In our view, the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court. This leaves the discretion with the court which is best able to evaluate the [ejffect of an interim appeal on the parties and on the expeditious resolution of the entire action.’
“Huene v. United States, 743 F.2d 703, 705 (9th Cir.1984). See, also, Trinity Broad. Corp. v. Eller, 827 F.2d 673, 675 (10th Cir.1987) (‘To obtain review of one part of a consolidated action, appellant must obtain certification under Fed. R.Civ.P. 54(b).’); and Spraytex, Inc. v. DJS & T, 96 F.3d 1377, 1382 (Fed.Cir.1996) (We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case.’). We find persuasive the holdings of these decisions interpreting the Federal Rules of Civil Procedure, on which our own Rules of Civil Procedure are based. Accordingly, we hold that a trial court must certify a judgment as final pursuant to Rule 51(b), Ala. R. Civ. P., before a judgment on fewer than all the claims in a consolidated action can be appealed.”
Hanner, 952 So.2d at 1060-61 (emphasis added).
In this case, Smith filed his claim in case number CV-11-900208 seeking to eject Butler-Austin from certain real property. In his purported postjudgment motion filed in case number CV-11-900208, Smith alleged that he had filed the Reynolds action to assert claims related to Reynolds’s allowing Butler-Austin to lease that property. The trial court ordered the two actions consolidated, and there is no indication in the record on appeal that the consolidation of the actions was only for the purposes of discovery or trial. See Rule 42(a), Ala. R. Civ. P. (“When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the. actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” (emphasis added)). The record on appeal contains no indication that a judgment or order disposing of the claims Smith asserted against Reynolds has been entered in the Reynolds action, which was consolidated with case number CV-11-900208. We conclude that, given the facts and procedural histo *1018 ry of this case, the July 28, 2011, order in case number CV-11-900208 was not sufficiently final to support this appeal.
Accordingly, we remand this cause for 14 days for the trial court (1) to enter a final judgment in the consolidated action, (2) to determine whether a certification of the July 28, 2011, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., would be appropriate, given the facts, see Lighting Fair, Inc. v. Rosenberg, 68 So.3d 1256, 1263-64 (Ala.2010) (discussing whether claims are too intertwined for a Rule 54(b) certification to be appropriate), or (3) to take no action, which will result in a dismissal of the appeal. If the trial court enters a final judgment or determines that a Rule 54(b) certification would be appropriate in this matter,
“a supplemental record reflecting such action should be prepared and forwarded to this Court within 14 days from the date this opinion is released.... If no supplemental record is forwarded to this Court within 14 days of the date this opinion is released, this appeal will be dismissed.”
Hanner v. Metro Bank & Protective Life Ins. Co., 952 So.2d at 1062.
The motion to strike Smith’s brief is denied as moot.
REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

On Return from Remand

THOMPSON, Presiding Judge.
In an earlier opinion, this court explained the procedural history of this matter as follows:
“On February 9, 2011, Kenneth Smith filed a pro se complaint in the Baldwin Circuit Court seeking to eject Connie Butler-Austin from certain real property. In his complaint against Butler-Austin, Smith alleged that John Reynolds had improperly leased the property to Butler-Austin. Smith’s action against Butler-Austin was assigned case number CV-11-900208. On February 28, 2011, Butler-Austin answered Smith’s complaint, denying that Smith had the right to eject her from the property.
“Also on February 28, 2011, Butler-Austin filed in case number CV-11-900208 a third-party complaint naming Reynolds as a third-party defendant. In that third-party complaint, Butler-Austin asserted various claims against Reynolds in the event the trial court determined that Reynolds was not the owner of the property Reynolds had contracted to lease to her. In support of that third-party complaint, Butler-Austin submitted a copy of a May 16, 1997, lease document naming Reynolds and Butler-Austin as parties to the lease agreement.
“On March 14, 2011, the trial court entered an order in case number CV-11-900208 scheduling a bench trial for July 26, 2011. Butler-Austin later moved to consolidate case number CV-11-900208 with a separate action Smith had initiated against Reynolds, which she alleged was designated as case number CV-11-900209 and which is hereinafter referred to as ‘the Reynolds action.’ The record on appeal contains no pleadings or orders pertaining to the Reynolds action. However, in a post-judgment motion discussed later in this opinion, Smith alleged that he had filed that action against Reynolds when he discovered that Reynolds had executed an agreement purporting to lease the property to Butler-Austin. On March 25, 2011, the trial court granted Butler-Austin’s motion to consolidate the two actions.
*1019 “On July 26, 2011, the date of the scheduled bench trial, Butler-Austin filed a motion for an award of an attorney fee pursuant to the Alabama Litigation Accountability Act (‘ALAA’), § 12-19-270 et seq., Ala.Code 1975. As a basis for her ALAA claim, Butler-Austin alleged that the trial court had scheduled Smith’s claims against her for a bench trial on July 26, 2011, and that Smith had failed to appear at the scheduled trial.
“On July 28, 2011, the trial court entered the following order (hereinafter ‘the July 28, 2011, order’) in case number CV-11-900208:
“ ‘This matter comes before the Court for bench trial final hearing [sic] this 26th day of July 2011; present in Court was the defendant, Connie Butler-Austin, represented by her attorney of record ..., and the defendant, John Reynolds, represented by.... The plaintiff, Kenneth Smith, or any representatives on behalf, failed to appear. The Court, upon [Butler-Austin’s] oral motion to dismiss [Smith’s] complaint against defendant Connie Butler-Austin for his failure to appear, together with [Butler-Austin’s] motion for an attorney fee, made verbal findings on the record which are incorporated within this order by reference; and, further, the Court hereby does:
“‘ORDER, ADJUDGE and DECREE as follows:
“ ‘1. That [Smith’s] complaint as to defendant Connie Butler-Austin is hereby due to be, and is, dismissed with prejudice.
“‘2. That defendant Connie Butler-Austin’s third-party complaint/cross-claim against defendant John Reynolds is hereby due to be and is dismissed without prejudice.
“ ‘3. That defendant Connie Butler-Austin’s motion for an attorney fee pursuant to the [ALAA] is hereby due to be, and is GRANTED. Judgment is hereby entered in favor of defendant Connie Butler-Austin, and against plaintiff Kenneth Smith, for her attorney fees in defending this cause of action, in the amount of $1,500, for which execution [shall] issue.’
“(Capitalization in original.) Also on July 28, 2011, the trial court entered another order that is substantially the same as the order quoted above; that order stated: ‘Trial held on 7/26/2011. Plaintiff failed to appear. Case is dismissed and third-party complaint is dismissed without prejudice.’
“On August 26, 2011, Smith, who had by that time retained counsel, filed in case number CV-11-900208 a purported postjudgment motion in which he sought to set aside the July 28, 2011, order. See SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n. 1 (Ala.Civ.App.2007) (‘A valid postjudgment motion may only be taken in reference to a final judgment.’). Smith submitted certain exhibits in support of his August 26, 2011, motion. On August 29, 2011, the trial court entered an order denying Smith’s August 26, 2011, motion to set aside the July 28, 2011, order. Smith appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. Smith contends that the trial court erred in failing to set aside the July 28, 2011, order in case number CV-11-900208.”
Smith v. Butler-Austin, 108 So.3d 1014, 1016 (Ala.Civ.App.2012) (footnotes omitted).
In Smith v. Butler-Austin, supra, this court concluded that the July 28, 2011, order from which Smith had appealed was *1020 not sufficiently final to support the appeal. Accordingly, this court remanded the cause for the trial court to determine whether to enter a final judgment, to determine whether a Rule 54(b), Ala. R. Civ. P., certification was appropriate, or to take no action. 108 So.3d at 1018.
On June 1, 2012, the trial court entered a judgment in case number CV-11-900208 finding that Reynolds owned the property at issue, dismissing Smith’s claims against Butler-Austin and Reynolds in “this action and the consolidated action,” noting that Butler-Austin had withdrawn her third-party claim against Reynolds, and ordering Smith to pay Reynolds an attorney fee under the ALAA. The record also indicates that on May 23, 2012, the trial court entered a judgment in the Reynolds action dismissing that action. Those judgments disposed of the remaining pending claims between the parties and, therefore, constituted a final judgment in this matter.
On appeal, Smith argues that the trial court erred in denying his motion seeking to set aside what he refers to as the trial court’s “default judgment.” This court noted in Smith v. Butler-Austin, supra, that, although “[t]he parties refer to the July 28, 2011, order as a ‘default judgment,’ ” “[w]e conclude that that order was one dismissing the claims in case number CV-11-900208 pursuant to Rule 41(b), Ala. R. Civ. P.” Smith v. Butler-Austin, 108 So.3d at 1016 n. 2 (citing Blake v. Stinson, 5 So.3d 615 (Ala.Civ.App.2008)).
This court has explained the law concerning a dismissal pursuant to Rule 41(b), Ala. R. Civ. P., as follows:
“ ‘The dismissal of a civil action for want of prosecution because of the plaintiffs failure to appear at a trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.’ Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App.1985). However, ‘[d]ismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.’ Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990) (quoting Selby v. Money, 403 So.2d 218, 220 (Ala.1981)).
“ ‘ “In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. ‘Willful’ is used in contradistinction to accidental or involuntary noncompliance. No wrong motive or intent is necessary to show willful conduct.” ’ ”
Goodley v. Standard Furniture Mfg. Co., 716 So.2d 226, 227 (Ala.Civ.App.1998) (quoting Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981)).
With regard to reviewing a dismissal under Rule 41(b), this court has further explained:
“It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App.2002); and Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally *1021 will find it necessary to set them aside. Id. In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487.”
Blake v. Stinson, 5 So.3d 615, 617-18 (Ala.Civ.App.2008).
In Goodley, supra, the trial court dismissed an action pursuant to Rule 41(b) when Goodley and his attorney failed to appear at the scheduled trial. In his post-judgment motion, Goodley alleged that his attorney had failed to notify him of the trial setting. This court reversed the dismissal, noting that, “[o]ther than Goodley’s failure to appear on the date set for trial, the case action summary reveals no delay, default, or dereliction on his part.” Goodley, 716 So.2d at 227. This court concluded that the record on appeal indicated “no delay, willful default, or contumacious conduct by Goodley.” Id. See also Burdeshaw v. White, 585 So.2d 842 (Ala.1991) (the failure to appear at a summary-judgment hearing and then delaying 10 months to seek to have another hearing scheduled did not warrant a Rule 41(b) dismissal); and Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986) (reversing a dismissal when the evidence indicated, in part, that the failure to appear for a summary-judgment hearing was not willful).
In his motion to set aside the judgment of dismissal, Smith alleged that, before the actions were consolidated, an order had been entered in case number CV-11-900208 scheduling that action for a bench trial on July 26, 2011, and that the bench trial in the Reynolds action had been scheduled for September 29, 2011. Smith stated that he erroneously concluded that the actions would be tried on the later date, i.e., September 29, 2011. Smith argued that his conclusion was “based on faulty judgment or logic” and that it was not “a wilful disregard of an order” of the trial court. Smith reiterates those arguments in his brief before this court.[1] The record contains no indication of any delay or dereliction by Smith before his failure to appear at the bench trial. Goodley, supra. Given the record on appeal and the arguments asserted by Smith, we must conclude that the trial court erred in dismissing Smith’s claims. Therefore, we reverse the trial court’s judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. On August 2, 2011, Butler-Austin Bled a motion seeking an award of an attorney fee under the ALAA. In response, on August 11, 2011, the trial court entered an order identical to the July 28, 2011, order quoted above; the only differences between the July 28, 2011, order and the August 2, 2011, post-judgment order are the dates on those documents.

. The parties refer to the July 28, 2011, order as a "default judgment.” We conclude that that order was one dismissing the claims in case number CV-11-900208 pursuant to Rule 41(b), Ala. R. Civ. P. Blake v. Stinson, 5 So.3d 615 (Ala.Civ.App.2008).

.In his notice of appeal, Smith named both Butler-Austin and Reynolds as appellees. None of the parties has asserted on appeal any arguments regarding Butler-Austin's third-party claims against Reynolds. However, Reynolds has filed a brief on appeal adopting the arguments asserted by Butler-Austin and a motion to strike Smith's appellate brief.

. In his brief on appeal, Smith erroneously characterizes the June 28, 2011, order as one entering a default judgment. Accordingly, in his brief on appeal, he argues the factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), that must be addressed in a Rule 55(c), Ala. R. Civ. P., motion to set aside a default judgment. One of the Kirtland factors concerns whether the defaulting party’s conduct was culpable. Kirtland, 524 So.2d at 606. We interpret Smith’s argument on that factor as addressing the propriety of the Rule 41 dismissal in this case, i.e., whether his conduct in failing to appear at the bench trial constituted willful or contumacious conduct. See Goodley v. Standard Furniture Mfg. Co., supra.