**Susan EBERHART, Plaintiff,**

v.

**NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.**

No. 1:08–cv–2542–WSD.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 29, 2012.

Andy L. Allman, Clinton L. Kelly, Fred Dulin Kelly, Kelly, Kelly & Allman, Hendersonville, TN, Michael K. Radford, Flynn & Radford, Brentwood, TN, Robert G. Germany, Pittman, Germany, Roberts & Welsh, LLP, Jackson, MS, Joseph William Watkins, Lance Douglas Lourie, Watkins

Lourie Roll & Chance, Atlanta, GA, for Plaintiff.

Katharine R. Latimer, Philip M. Busman, Robert E. Johnston, William J. Cople, III, Hollingsworth, LLP, Washington, DC, Anthony L. Cochran, Chilivis, Cochran, Larkins & Bever, LLP, Atlanta, GA, for Defendant.

### OPINION AND ORDER

WILLIAM S. DUFFEY, JR., District Judge.

This matter is before the Court on Plaintiff's Objection to Bill of Costs [121] and Plaintiff's Motion for Review of the Clerk's Taxation of Costs [123].

## I. BACKGROUND

On December 13, 2011, the Clerk of Court taxed costs against Plaintiff under 28 U.S.C. § 1920 following entry of judgment against Plaintiff in this pharmaceutical products liability action. The costs assessed included:

a. Fees for service of summons and subpoena: $430.00

b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $9,054.10

c. Fees for witnesses: $604.00;

d. Fees for copies: $1,500.06; and,

e. Other costs (fees for medical records acquisition): $43,015.90

The fees claimed aggregated $54,604.06.

Plaintiff first asserts that the fees assessed impose a financial hardship on the Plaintiff and that they should be denied in their entirety. Alternatively, Plaintiff contends that certain of the claimed costs should be disallowed, or reduced. Plaintiff generally claims that the transcript fees were not the cost to deliver, handle and process the transcripts. Second, Plaintiff claims the copies for which reimbursement is requested were for copies not required by the case but which were for the convenience of Defendant. Finally, Plaintiff objects to the costs for acquisition of records as not a compensable cost under Section 1920.

## II. DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, unless the Court orders otherwise, that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The costs permitted to be taxed against an opposing party are listed in 28 U.S.C. § 1920 and include: (1) fees of the clerk and marshal; (2) court reporter fees for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of any materials necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts. Categories 1, 2, 3 and 4 are at issue here. Whether to award allowable costs and in what amount is a matter within the Court's discretion. 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2668 (3d ed. 1998). The Court has reviewed Plaintiff's challenges to the costs assessed against her and considers these challenges separately below.

### A. *Hardship*

■ Federal Rule of Civil Procedure 54(d)(1) expressly states that "costs—other than attorney fees—shall be allowed to the prevailing party" in a civil case. Fed. R.Civ.P. 54(d)(1). This provision "establishes a presumption that costs are to be awarded to the prevailing party but vests the district court with discretion to decide otherwise." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995); *Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir.1984).

■ "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.,* 229 F.3d 1012, 1038 (11th Cir.2000). "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of

a true inability to pay." *Id.* at 1039 (citing *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994) (absence of documentary support and reliance on general, self-serving statements insufficient)).

■ Even if the Court were inclined to consider Plaintiff's financial status, the superficial information provided by Plaintiff here fails to show that Plaintiff does not have funds to pay the costs assessed. Plaintiff acknowledges that she has real estate holdings she inherited from her husband and there is an absence of evidence that she does not have access to property or assets to satisfy a cost award in this action. Her general, self-serving statements of hardship are not a reason to rebut the presumption that the costs be allowed.

Plaintiff also argues that Plaintiff was "among a group of MDL plaintiffs that succeeded in convincing the MDL court that there were genuine issues of material fact as to whether [Defendant] properly warned of the risks of ostenecrosis of the jaw ('ONJ') and whether Aredia and/or Zometa caused or contributed to the development of ONJ." Pl.'s Mot. for Review at 5. Plaintiff essentially argues that Plaintiff's unspecific contribution to the MDL case was a kind of "prevailing" in the case that should urge the Court to allow the presumption of an award of costs to be rebutted. The Court disagrees. Costs are presumed to be awarded to the party who prevailed in a case. The Defendant was the undisputed prevailing party here and is entitled, under Rule 54(d)(1), to have costs to taxed against the Plaintiff. The question remains whether the costs claimed are awardable. The Court now turns to that question.

### B. *Costs Claimed*

■ Plaintiff disputes that the costs claimed by Defendant qualify as costs that may be awarded. It is Plaintiff's burden to prove that costs are not allowed to be awarded. *Manor Healthcare Corp. v. Lomelo,* 929 F.2d 633, 639 (11th Cir.1991). The Court agrees, as explained below, that certain costs are, and others are not, allowed in the amounts claimed.

### (a) *Witness Fees*

■ Plaintiff objects to the fees for service of summons and subpoena, and to witness fees. Plaintiff argues that "there has been no showing that a witness subpoena, much less a witness fee and a mileage check, was necessary to procure" the witnesses' attendance at their depositions. Pl.'s Mot. to Review at 8. A prevailing party is entitled to claim the costs for witness fees. The right to claim fee costs is unqualified. Plaintiff's objection to the award of fees is overruled.

### (b) *Transcripts*

■ Defendant claims the cost to obtain transcripts of witnesses deposed in this litigation. The witnesses deposed were identified by Plaintiff as witnesses in this action and the Court's review of the list of witnesses Defendant provided underscores that each of them likely had relevant information about the claims alleged in this action. *Maris Distrib. Co. v. Anheuser–Busch, Inc.,* 302 F.3d 1207, 1225 (11th Cir.2002) (citing *EEOC v. W & O Inc.,* 213 F.3d 600, 621 (11th Cir.2000)). To the extent one of the claimed transcript fees was for videotaping a deposition of Plaintiff's expert, our circuit has allowed recovery of those costs absent an objection to the video transcribing of the testimony, raised when the deposition is noticed. *Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 464–65 (11th Cir.1996). Plaintiff's objection to an award of transcript costs is overruled.

### (c) *Copies*

■ Plaintiff next contests the costs for copying claimed by Defendant on the ground that the copies were for the convenience of counsel and that Defendant has not shown the copies were "necessary and provided either to the Court or the opposing party." Pl.'s Mot. for Review at 8, citing *Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D.Ga.1995). The test applied in our circuit is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W & O,* 213 F.3d at 621. Plaintiff argues that at least certain of the documents

copied could have been reproduced from a PDF format rather than copied, that other copies were of pleadings filed with the Court, and that copies of x-rays were needed for review by physicians. These are not only materials that a party could "reasonable believe" were necessary to copy for the case, but they are of the type likely necessary for litigation of this matter. This objection is overruled.

### (d) Acquisition of Medical Records

The largest cost element is this category. Defendant claims its election to outsource acquisition of medical records to a private provider of these services entitles Defendant to bill for the full cost of this service as represented by the invoice Defendant paid. The acquisition costs consist of seven (7) components:

| | |
|---|---|
| Archive Copy Fee | $ 1,129.68 |
| Base Fee | $31,950.00 |
| Bates Stamp Fee | $ 375.15 |
| Custodian Contact Charges | $ 3,302.25 |
| Custodian Fees | $ 6,231.75 |
| Subpoena | $ 90.00 |
| Upload Fee | $ 293.45 |

The bulk of the charge is the "base fee" which Defendant describes as the fee "charged to research medical providers, request records from plaintiffs' providers, and track the status of records requests. Resp. to Pl.'s Obj. to Bill of Costs at 16. The base fee represents a flat rate charge of $45.00 for each of the 710 requests the vendor processed to obtain records. Similarly, the custodian contact charge and upload fee were a part of the records collection process. The contact services performed were calls made by the vendor to follow up on the status of the copying of records by providers. The upload fee was to upload the documents acquired in electronic format to an archive system for Defendant's use to create an "entire medical record," *id.* at 18, while the archive copy fee was to scan and upload hardcopy documents. The Bates stamp fee was for Bates number required materials. The custodian fees were fees charged by the provider to provide Plaintiff's medical rec-

ords for use in the case and the subpoena was fee was paid to subpoena witnesses.

Defendant is entitled to reimbursement of the cost to copy medical records and is entitled also to reimbursement of the cost to Bates stamp the records copied. However, most of the charges sought as costs here are for outsourced personnel to perform services to locate and pursue medical records, not to copy and stamp records acquired. The outsourcing of this process of document collection and storage work, if compensated, would allow Defendant to circumvent clear restrictions under Rule 54(d)(1). This rule specifically prohibits an award of attorney's fees. If a lawyer, paralegal or other law firm or in-house employee had performed this collection process, the expense of that person's services could not be awarded as a cost. These costs do not become payable by Plaintiff as a result of Defendant's decision to have a third-party perform these services.

Accordingly, the Court concludes that the Base Fee, Custodian Contact Charges, Archive Copy Fee, and Upload Fee are not recoverable costs. Because a description of the "Archive Copy Fee" was not provided, it is not awarded. The Court allows the Bates stamp fee ($375.15), Subpoena fee ($90.00) and Custodian Fee ($6,231.75) as costs because they directly benefitted the production of documents in the case. Therefore, Plaintiff's objection is sustained in part and denied in part.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Objection to Bill of Costs [121] and Plaintiff's Motion for Review of the Clerk's Taxation of Costs [123]. Plaintiff's objection to the cost for acquisition of medical records is sustained and this cost is not allowed. Plaintiff's objections to the other costs are overruled, and costs are awarded to Defendant in the amount of $17,928.68.[1]

---

1. This amount credits Plaintiff with the $356.38    billing error credit awarded by the acquisition

vendor. Because Defendant has not explained what the credit represents, the Court elects to apply the credit in favor of Plaintiff to the amount Defendant claims as acquisition costs.