MOORE, Judge.
Ampro Products, Inc. ("the employer"), has petitioned this court for a writ of mandamus directed to the Pickens Circuit Court ("the trial court") in a workers' compensation case filed by Toni Colvin ("the employee"). We grant the petition in part and deny it in part.
Procedural History
On September 18, 2015, the employee filed a complaint seeking workers' compensation benefits from the employer. On April 28, 2017, the trial court held a hearing on the issue of compensability. At the close of the hearing, the employee submitted a list of expenses that he had incurred in proving that his injury was compensable and requested reimbursement for those expenses. On May 30, 2017, the employer filed a motion requesting, among other things, that the trial court dismiss the employee's complaint, pursuant to Rule 41(b), Ala. R. Civ. P., as a sanction for his having allegedly perjured himself.
On June 9, 2017, the trial court entered an order finding that the employee had suffered a compensable injury and taxing the expenses requested by the employee as costs against the employer.[1] On June 22, 2017, the employer filed a motion to reconsider the taxing of costs; the employee filed a response to that motion on June 29, 2017. The trial court denied the motion to reconsider the taxing of costs on June 29, 2017. On July 21, 2017, the employer filed its petition for a writ of mandamus with this court.
Discussion
I.
In its petition, the employer first argues that the trial court erred in declining to dismiss the employee's complaint as a sanction for the employee's alleged perjury.
"As this Court has consistently held, the writ of mandamus is a
" ' "drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." '
" Ex parte Wood, 852 So.2d 705, 708 (Ala. 2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) )."
Ex parte Alabama Dep't of Transp., 978 So.2d 17, 20-21 (Ala. 2007).
" 'It is well settled that the decision whether to enter a Rule 41(b) [, Ala. R. Civ. P.,] dismissal is within the sound discretion of the trial court, and such *687 a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990) ; Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala. 1987) ; State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala. Civ. App. 2002) ; and Coulter v. Stewart, 726 So.2d 726, 728 (Ala. Civ. App. 1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala. 1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. Id. In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala. 1992) ; Atkins v. Shirley, 561 So.2d at 1077 ; and Riddlesprigger v. Ervin, 519 So.2d at 487."
Smith v. Davidson, 58 So.3d 177, 180-81 (Ala. Civ. App. 2010).
In the present case, during the compensability hearing, the employee admitted that, in his depositions and interrogatories, he had given inaccurate and/or incomplete answers regarding his prior medical and employment histories. We note, however, that the employee stated at the hearing that he had been confused concerning some of the questions and that he had not remembered portions of his history when asked about that history during his deposition. Furthermore, through the process of discovery, the employer had been able to obtain records concerning the employee's medical and employment histories and had had the opportunity to cross-examine the employee concerning the discrepancies between those records and the employee's discovery responses. Indeed, the trial court concluded in its June 9, 2017, order that, "[w]hile the [employer] presented significant and substantial evidence challenging the credibility of the [employee], it was outweighed by the undisputed evidence regarding legal and medical causation, specifically the consistency of the medical records regarding the injury of the [employee's] left shoulder."
Based on the foregoing, we conclude that the trial court could have determined that some, if not all, of the employee's inaccurate testimony had been unintentional and that any disadvantage to the employer had been ameliorated by further discovery and the cross-examination of the employee at the compensability hearing. Therefore, we cannot conclude that the trial court exceeded its discretion in declining to impose the "drastic sanction" of dismissal of the employee's case. Smith, 58 So.3d at 180.
II.
The employer also argues that there was not substantial evidence of legal and medical causation to support a finding of compensability.
Because the trial court found that the employee had suffered a compensable injury and ordered the employer to provide medical treatment but did not award any temporary-total-disability benefits, review of the order by a petition for the writ of mandamus is appropriate. See Belcher-Robinson Foundry, LLC v. Narr, 42 So.3d 774, 775-76 (Ala. Civ. App. 2010) ("[A] mere compensability determination that awards no relief, other than directing an employer to allow medical treatment, is not a 'final judgment' that is subject to appellate review, but is instead reviewable by an appellate court only by a petition for a writ of mandamus."); see also Ex parte Fairhope Health & Rehab, LLC, 175 So.3d 622, 625-26 (Ala. Civ. App. 2015) ; compare *688 with Ex parte Lowe's Home Centers, LLC, 209 So.3d 496, 501-02 (Ala. Civ. App. 2016).
" 'Section 25-5-81(e), Ala. Code 1975, provides the standard of review in workers' compensation cases:
" ' "(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
" ' "(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
" 'Substantial evidence is " 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' " Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala. 1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989) ).'
" White Tiger Graphics, Inc. v. Clemons, 88 So.3d 908, 910 (Ala. Civ. App. 2012)."
Ex parte Fairhope Health & Rehab, LLC, 175 So.3d at 626.
In the present case, the trial court expressly relied extensively on the testimony of Dr. Stephen Ikard, one of the employee's treating physicians, in determining that the employee had proven medical causation. It further expressly relied on "undisputed evidence regarding legal and medical causation, specifically[,] the consistency of the medical records regarding the injury of the [employee's] left shoulder." The employer, however, has failed to submit the entire deposition testimony of Dr. Ikard or the complete medical records as appendices to the mandamus petition. "The petitioner has the responsibility of supplying the [appellate] Court with those parts of the record that are essential to an understanding of the issues set forth in the mandamus petition." Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 814 n.6 (Ala. 2003). Without the benefit of the complete evidentiary materials upon which the trial court expressly relied, we cannot determine that there was not substantial evidence of legal and medical causation to support the determination of compensability. Therefore, we decline to grant the employer's petition on this point.
III.
Finally, the employer argues that the trial court erred in taxing certain costs against it, specifically, the cost of the deposition of the employee's vocational expert, mediation costs, the cost to employ a private investigator to serve a subpoena, and the cost to pay a third-party service to order and receive medical records.
"According to §§ 25-5-89 and 12-21-144, [Ala.] Code 1975, the taxing of costs in a case is within the discretion of the trial court, subject to the guideline of Rule 54(d), A[la]. R. Civ. P." Littleton v. Gold Kist, Inc., 480 So.2d 1236, 1238 (Ala. Civ. App. 1985). With regard to the deposition of Dr. Donald Blanton, the employee's vocational expert, we note that "a trial court may, in its discretion, tax all of the costs of any deposition taken in a case, regardless of whether the deposition was used at trial, if the deposition was reasonably necessary." Bundrick v. McAllister, 882 So.2d 864, 866 (Ala. Civ. App. 2003). In the present case, the employee stated that Dr. Blanton had been hired as a vocational expert to determine the employee's degree of vocational disability. However, the sole issue decided thus far is compensability. Therefore, we conclude that the deposition of the employee's vocational expert was not "reasonably necessary" to the issues that have been decided at this point in the *689 litigation and, therefore, was not properly taxed as costs.
The employer also argues that mediation fees are not recoverable as costs and that allowing those fees to be taxed as costs would discourage parties from submitting to mediation. Section 6-6-20(b)(2), Ala. Code 1975, provides that "[t]he party asking for mediation shall pay the costs of mediation, except attorney fees, unless otherwise agreed." The employer asserts that, in this case, the parties agreed to split equally the cost of mediation. We agree with the employer that allowing the mediation costs to be taxed as costs in favor of a prevailing party "would potentially act as a disincentive to mediating claims generally." Kayser v. McClary, 875 F.Supp.2d 1167, 1183 (D. Idaho 2012). Therefore, we conclude that the trial court exceeded its discretion in taxing the mediation costs to the employer.
With regard to the private-investigator fees for serving a subpoena, the employer points out that, in Bundrick v. McAllister, 882 So.2d 864 (Ala. Civ. App. 2003), this court held that costs to employ a private investigator to serve a subpoena were not properly taxable under Rule 54(d). Therefore, we conclude that the trial court erred in taxing that cost against the employer.
Finally, with regard to the cost to pay a third-party service to order and receive medical records, the employer argues that that cost is akin to an attorney's fee, which is not recoverable under Rule 54(d). In Eberhart v. Novartis Pharmaceuticals Corp., 282 F.R.D. 697, 701 (N.D. Ga. 2012), the United States District Court for the Northern District of Georgia, Atlanta Division, held that allowing the recovery of costs "for outsourced personnel to perform services to locate and pursue medical records" "would allow [the party outsourcing the services] to circumvent clear restrictions [against an award of attorney's fees]." In workers' compensation cases, attorney's fees are not recoverable in the absence of bad faith on the part of the employer. See, e.g., Ex parte Cowgill, 587 So.2d 1002, 1003-04 (Ala. 1991). There was no allegation of bad faith in the present case. Therefore, like in Eberhart, we conclude that the trial court in the present case exceeded its discretion in awarding costs for the outsourcing of services for ordering and receiving medical records, costs that are akin to an award of attorney's fees against the employer.
Conclusion
Based on the foregoing, we grant the petition with regard to the issue of costs and issue a writ of mandamus directing the trial court to vacate its order taxing the costs discussed in this opinion. The petition is denied in all other respects.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Pittman and Donaldson, JJ., concur.
Thompson, P.J., concurs in part and dissents in part, with writing, which Thomas, J., joins.

Although the materials before this court do not include an order denying the employer's motion to dismiss, the materials do indicate that the trial court denied oral motions to dismiss made by the employer at the conclusion of the compensability hearing.